IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 5:17-CT-3042-FL

| | |
|---|---|
| RICARDO EDWIN LANIER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CORRECTIONAL OFFICER HANDS, )<br>K. DREW, SERGEANT LEIGH and )<br>AL M. WHITNEY, )<br>)<br>Defendants. ) | **ORDER** |

This matter is before the court for preliminary review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (DE 1). Also before the court are plaintiff's motions for injunctive relief and for copies. (DE 3, 10).

**STATEMENT OF THE CASE**

Plaintiff commenced this action under 42 U.S.C. § 1983 on February 13, 2017 against Bertie Correctional Institution ("Bertie") prison staff ("defendants"), alleging deliberate indifference to his safety in violation of his Eighth Amendment right to be free of cruel and unusual punishment. Plaintiff sues defendants in their individual and official capacities and seeks punitive and compensatory damages in the amount of $975,000.00 and injunctive relief. On the same date, plaintiff filed the instant motion for preliminary injunction wherein he seeks transfer to a different prison.

## STATEMENT OF ALLEGED FACTS

The conduct underlying plaintiff's claims occurred while plaintiff was incarcerated at Bertie, in Windsor, North Carolina.[1]

Plaintiff alleges that on November 26, 2016, Correctional Sergeant K. Drew ("Drew") filed a "false" disciplinary report against plaintiff for verbal aggression and disobeying a direct order. Compl. at 6; id., Ex. A (DE 1-1). As a result, plaintiff was moved "to segregation" and temporarily placed in a "holding cage." Compl. at 6. While there, an unidentified inmate in a separate holding cell informed plaintiff that "Drew told him and another inmate that the plaintiff had allegedly told her that they had been using drugs." Id. at 6–7. After plaintiff "was taken to a cell" later that day, he filed a grievance, wherein he expressed concern for his safety as a result of Drew's statements and requested "a transfer." Id.; Ex. B (DE 1-1). Plaintiff's "infraction" was ultimately "dismissed." Compl. at 6.

Plaintiff was released from segregation on December 11, 2016. Id. at 7. Two days later, while working in the kitchen, another unidentified inmate approached plaintiff and advised that Correctional Officer Hands ("Hands") "told him that the plaintiff had made disrespectful statements about his gang affiliation, and was in fact about to fight the plaintiff." Id.

On December 15, 2016, the "other inmate" that Drew accused of drug use based on information purportedly provided by plaintiff threatened plaintiff that he and "eight or nine guys of his entourage" intended to fight him. Id. at 8. Plaintiff advised Sergeant Fields ("Fields") of the threat, who in turn summoned Lieutenant Thompson ("Thompson"). Id. Thompson secured

---

[1] Plaintiff presently is incarcerated at Albemarle Correctional Institution. See N.C. Dep't of Pub. Safety, Offender Pub. Info., http://webapps6.doc.state nc.us/opi/offendersearch.do?method=view (Offender No. 0585176) (last visited August 29, 2017). Plaintiff failed to inform the court of his new address as required under Local Civil Rule 83.3.

plaintiff's signature on a protective custody form, advised an investigation would occur upon receipt of plaintiff's statement and placed plaintiff in segregation. Id.

Assistant Unit Administrator Al Whitney ("Whitney") conducted the investigation. Id. Upon conclusion of the investigation, Whitney met with plaintiff in his cell and advised, "You have nothing. I've spoken to all individual's [sic] who say they don't know what you're talking about." Id. Whitney then informed plaintiff that he "would be moved to upper tan unit above from lower tan unit where plaintiff was housed" in accordance with the jail's "policy." Id. After explaining to Whitney that he did not "feel safe" despite the results of the investigation, plaintiff "elected . . . to remain in segregation." Id. at 9. Whitney responded that plaintiff "would just get written up" pursuant to the jail's "policy." Id.

On December 22, 2016, Correctional Sergeant Leigh ordered plaintiff to return to the "regular population." Id. at 9; Ex. C-1 (DE 1-1). Plaintiff refused, expressing the same safety concerns to Leigh that he raised earlier with Whitney. Id. at 9. Leigh, however, "ignore[d] plaintiff's contentions" and wrote him up. Id. at 9. That same day, plaintiff received a Notice of Hearing, wherein the Facility Classification Committee recommended plaintiff be housed in administrative segregation due to an "ongoing investigation." Id., Ex. D (DE 1-1).

On December 30, 2016, plaintiff received a Notice of Action by Classification Authority, advising him of his assignment to administrative segregation. Ex. D. (DE 1-1). According to plaintiff, Leigh's "write up was in fact without merit." Compl. at 10. As a result of the write up by Leigh, plaintiff allegedly endured "mental and emotional distraughtment [sic] of in fact being punished due to safety concerns." Id. at 10.

# DISCUSSION

A.     Preliminary Review

A court must screen a prisoner's complaint in civil actions against governmental entities or officials and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon "an indisputably meritless legal theory," Denton v. Hernandez, 504 U.S. 25, 32 (1992), and lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 328. A complaint fails to state a claim if after accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences from those allegations in the plaintiff's favor, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court must liberally construe a pro se plaintiff's pleadings. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court, however, "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Liberally construing plaintiff's allegations, his claims appear to be based primarily on an asserted Eighth Amendment violation for deliberate indifference to his safety. In addition, plaintiff possibly asserts a Fourteenth Amendment due process challenge to disciplinary proceedings. The court addresses both in turn below.

1. Eighth Amendment Claims

The Eighth Amendment prohibits "cruel and unusual punishments," U.S. Const. amend. VIII, and imposes a duty on prison officials to "take reasonable measures to guarantee the safety" of inmates in their custody." Hudson v. Palmer, 468 U.S. 517, 526 (1984); see Helling v. McKinney, 509 U.S. 25, 31 (1993); Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014). To state a claim for damages against a prison official for failure to protect, an inmate must first plead facts indicating he was incarcerated under conditions objectively posing a substantial risk of serious harm to his health or safety. "Only extreme deprivations" satisfy the objective element. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). "[T]o demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions, or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." Id. (internal citations and quotation marks omitted). Second, a plaintiff must allege facts showing the prison official subjectively responded with deliberate indifference to the plaintiff's health or safety—that is, the official possessed actual knowledge or awareness of the risk to the plaintiff and "disregard[ed] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Liberally construing plaintiff's allegations and granting him the benefit of all reasonable inferences, the court finds that plaintiff fails to state a claim against defendants for deliberate indifference to his safety. The Prison Litigation Reform Act ("PLRA") provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). The Fourth Circuit has not issued a published opinion addressing the physical injury requirement of section 1997e(e) and its

implications for constitutional violations causing mental or emotional injury and circuits addressing the issue are split. See Aref v. Lynch, 833 F.3d 242, 263 (D.C. Cir. 2016) (discussing circuit split). In light of the statutory text, however, section 1997e(e) reasonably bars recovery for compensatory damages for constitutional violations absent physical injury. See, e.g., Perkins v. Dewberry, 139 F. App'x 599 (4th Cir. 2005 )(unpublished) (stating "de minimis physical injuries cannot support a claim for mental or emotional injury"); Mayfield v. Fleming, 32 F. App'x 116 (4th Cir. 2002) (unpublished) (stating "the district court correctly concluded that [plaintiff's] claim for money damages is barred because he can show no physical injury").

Plaintiff does not allege that he suffered any prior physical injury. Indeed, plaintiff fails to allege even a de minimus physical injury. Thus, plaintiff is not entitled to compensatory damages. As for plaintiff's request for punitive damages, several circuits have allowed recovery of punitive damages (or nominal damages,[2] injunctive or declaratory relief) under section 1997e(e) for constitutional violations absent a prior physical injury. See Etters v. Bennett, 5:09-CT-3187-D, 2011 WL 976472, at *6 (E.D.N.C. Mar. 16, 2011) (collecting cases); see also Smith v. James, No. 8:13-CV-1270-RMG, 2014 WL 2809609, at *8 (D.S.C. June 20, 2014). In this case, the court need not reach the issue because plaintiff fails to plausibly allege a constitutional violation against any of the defendants.

Plaintiff's allegations against Drew and Hand indicate they wrongfully accused plaintiff of making certain statements. While objectionable if true, plaintiff at best alleges facts supporting a possible state law defamation claim. However, "mere allegations of . . . defamations by a correctional officer to a prisoner are not cognizable" under section 1983 because reputation itself

---

[2] See Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 308 n.11 (1986) (stating "nominal damages, and not damages based on some undefinable 'value' of infringed rights, are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury . . . .").

is not a constitutionally protected interest. Fischl v. Armitage, 128 F.3d 50, 55 (2d Cir. 1997); see Siegert v. Gilley, 500 U.S. 226, 233 (1991) ( "Defamation, by itself, is a tort actionable under the laws of most states, but not a constitutional deprivation.").

As for Leigh, plaintiff's allegations indicate that when plaintiff refused Leigh's directive to return to general population, Leigh filed a disciplinary report. See id. at 9; Ex. C-1 (DE 1-1). Ultimately, plaintiff remained in segregation due to an "ongoing investigation." Id., Ex. D (DE 1-1). Plaintiff's allegations about Leigh support, at most, a claim of negligence, which is not actionable as a constitutional claim. Farmer, 511 U.S. at 835.

Finally, it appears plaintiff wishes to proceed against Whitney under a theory of supervisory liability. To the extent plaintiff asserts a section 1983 supervisory liability claim against Whitney, the same must also be dismissed. A supervisory official can be liable for damages under section 1983 if the plaintiff demonstrates: (1) the subordinate undertook the conduct that directly caused the constitutional deprivation "to effectuate an official policy or custom for which the official was responsible," Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142–43 (4th Cir. 1982), or (2) the supervisory official was aware that a subordinate engaged in conduct posing "a pervasive and unreasonable risk of constitutional injury" to plaintiff and failed to take adequate corrective action himself either out of his own "deliberate indifference to or tacit authorization of" the subordinate's offensive conduct, Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1984) (explaining there must be "an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff"). As noted, plaintiff fails to allege a constitutional injury.

Even if plaintiff adequately alleged a constitutional violation, his complaint is devoid of facts that demonstrate a policy in effect during the relevant time posed a substantial risk to the safety of

inmates, let alone facts that indicate Whitney bore responsibility for the policy. Likewise, plaintiff alleges no facts indicating Whitney was deliberately indifferent to a pattern of offensive behavior, or that he tacitly authorized conduct that caused a particular constitutional injury to plaintiff. As such the court dismisses without prejudice plaintiff's Eighth Amendment claims against defendants in their official capacities. See Bd. of Tr. v. Garrett, 531 U.S. 356, 363 (2001); Ballenger v. Owens, 352 F.3d 842, 844 (4th Cir. 2003).

In sum, plaintiff fails to state a claim for deliberate indifference against any of the named defendants based upon the facts alleged. Thus, such claim is dismissed without prejudice, with leave to amend as set forth below.

2. Fourteenth Amendment – Procedural Due Process

The court construes plaintiff's allegations regarding Drew's false disciplinary charge as a Fourteenth Amendment procedural due process violation. Falsely accusing an inmate of misconduct does not violate a right secured by the Constitution or laws of the United States. See Cole v. Holloway, 631 F. App'x 185, 186 (4th Cir. 2016) (stating "a false disciplinary charge cannot serve as the basis for a constitutional claim"). Rather, an inmate's protection from arbitrary action of prison officials is found in the procedures mandated by due process. See id.

To state a Fourteenth Amendment due process claim, a plaintiff must allege that he (1) possesses a protected liberty or property interest and (2) was not afforded the appropriate level of process. Wolff v. McDonnell, 418 U.S. 539, 556. In the prison context, a protected liberty interest arises when a disciplinary proceeding imposes a punishment that (1) alters "the duration of [an inmate's] sentence," or "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 487 (1995); see Henderson v. Simms, 223 F.3d 267, 274 (4th Cir. 2000). In such situations, a prisoner is entitled

to certain due process protections. These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. Wolff, 418 U. S. at 564–566.

Here, plaintiff alleges his disciplinary charge was dismissed. See Compl. at 6 (stating "the infraction was . . . dismissed . . . because it was not substantiated by . . . video [footage shown] . . . at the hearing for the infraction"). If true, no procedural impediment exists to pursuing this claim. See Muhammad v. Close, 540 U.S. 749, 751, 755 (2004) (stating the requirement of Heck v. Humphrey, 512 U.S. 477 (1994) "to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence"); cf. Mobley v. Tompkins, 473 F. App'x 337, 337 (4th Cir. 2012) (affirming district court's dismissal of an action as Heck barred where plaintiff failed to show his convictions were overturned or called into question). Plaintiff, however, fails to plead any facts indicating the loss of a liberty interest[3] or that the process provided was constitutionally inadequate. Accordingly, plaintiff fails to state a Fourteenth Amendment due process claim. Such claim is dismissed without prejudice, with leave to amend as set forth below.

B.  Leave to Amend

In deference to his pro se status, plaintiff may amend his complaint to particularize his allegations to correct the deficiencies set forth herein. In any amended complaint, plaintiff must name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim against each defendant. Plaintiff further is on notice that he must connect the named defendant with the alleged conduct which resulted in the

---

[3]    In his motion for injunctive relief, plaintiff complains of the loss of "gain time" as a result of the December 15, 2016 imposition of administrative segregation. Mot. Inj. at 2 (DE 3). While certain procedural safeguards apply when a loss of good time credit is at issue, see Wolff, 418 U.S. at 556–57, plaintiff alleges no such loss associated with the allegedly false disciplinary report filed by Drew.

alleged constitutional violation. Plaintiff should briefly mention the specific events and correlating dates which are the basis for suit and the constitutional rights violated. Plaintiff additionally is notified that his amended complaint may include only those claims for which he has completely exhausted his administrative remedies. See 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Finally, plaintiff's amended complaint will be considered the complaint in its entirety, and the court will not look back through prior papers filed to glean additional claims not alleged in the amended complaint.

C.   Injunctive Relief

Plaintiff also requests injunctive relief in the form of a prison transfer. (Compl. at 8; Mot. Inj. (DE 3)). Plaintiff's request for injunctive relief is dismissed as moot because plaintiff is no longer incarcerated at Bertie. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner mooted claims for injunctive and declaratory relief regarding allegedly unconstitutional prison conditions).

D.   Motion for Copies

Plaintiff requests a "stamped copy of [his] case" and copies "of all [his] exhibits." (DE 10). "A pro se litigant assumes responsibility for properly maintaining his legal records." Clegg-Arrs v. Wiggins, No. 5:15-CT-3060-D, 2015 WL 4760705, at *3 (E.D.N.C. Aug. 12, 2015). The court does not provide a pro se litigant with copies of the docket sheet or any documents filed on the record in a case until he submits payment of the copying costs assessed by the clerk of court in accordance with the District Court Miscellaneous Fee Schedule. See 28 U.S.C. § 1914 note (2017); see also Ojeda-Ortiz v. Keller, No. 5:09-HC-2104-D, 2010 WL 2813500, at *1 (E.D.N.C. July 14, 2010) (explaining copying fees are not waived for in forma pauperis litigants and collecting cases). Currently, the cost of photocopying is $.50 per page. See 28 U.S.C. § 1914 n.4. If plaintiff seeks

copies of any or all filings in this matter, he may submit his request directly to the clerk of court and remit the requisite payment by cash, check or credit card.

## CONCLUSION

In summary, the court orders as follows:

1) Plaintiff's claims are DISMISSED without prejudice, and plaintiff is granted leave to file an amended complaint. Within **twenty-one days** from the date of service of this order, plaintiff may file an amended complaint in accordance with the foregoing. If plaintiff fails to file an amended complaint in that time period, the clerk is DIRECTED to enter judgment dismissing the case without prejudice for failure to prosecute without further order of the court;

2) Plaintiff's motion for injunctive relief (DE 3) is DENIED as moot; and

3) Plaintiff's motion for copies (DE 10) is DENIED.

SO ORDERED, this the 1st of September, 2017.

*Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge